

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-6-2013

# USA v. Robert Skeffery

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-2489

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"USA v. Robert Skeffery" (2013). *2013 Decisions.* Paper 420.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/420

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

GLD-352                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2489
_____

UNITED STATES OF AMERICA

v.

ROBERT F. SKEFFERY,
a/k/a Clyde Ferron

ROBERT F. SKEFFERY,
                                        Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 3:05-cr-00002-001)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2013
Before:  FUENTES, FISHER and VANASKIE, Circuit Judges

(Opinion filed: August 6, 2013)
_____

OPINION
_____

PER CURIAM

    Robert Skeffery is a citizen of Jamaica whose criminal and immigration histories

are somewhat convoluted.  For the purposes of this appeal, we look to his 2006

conviction (in the United States District Court for the Western District of Pennsylvania) for possession with intent to distribute less than fifty kilograms of marijuana, which we affirmed in 2008. See generally United States v. Skeffery, 283 F. App'x 75 (3d Cir. 2008). Skeffery has filed a belated petition for writ of coram nobis, arguing that this conviction and sentence are "constitutionally invalid due to" Fed. R. Crim. P. 11(c), Fifth, Sixth, and Fourteenth Amendment violations. He alleges that he was not properly informed of the immigration consequences of his decision to plead guilty. The District Court denied relief, and Skeffery now seeks our review.[1]

The District Court's decision was proper. As the District Court pointed out, Skeffery specifically waived his right to collaterally attack his plea,[2] and we see nothing in the record that would suggest either that the waiver was infirm or that enforcing it would work a miscarriage of justice. See United States v. Mabry, 536 F.3d 231, 237–39 (3d Cir. 2008). And there would be no injustice because the theory upon which Skeffery

---

[1] "In federal courts the authority to grant a writ of *coram nobis* is conferred by the All Writs Act, which permits 'courts established by Act of Congress' to issue 'all writs necessary or appropriate in aid of their respective jurisdictions.'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting 28 U.S.C. § 1651(a)). "The District Court had jurisdiction over the petition under 28 U.S.C. § 1651(a), in aid of its jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's legal conclusions de novo and its factual findings for clear error." Mendoza v. United States, 690 F.3d 157, 159 (3d Cir. 2012) (citation omitted).

[2] In its decision, the District Court emphasized that coram nobis is a rare remedy only available in limited situations, and is not coterminous with relief available under 28 U.S.C. § 2255. We agree that obtaining coram nobis relief is a more-daunting task than succeeding under § 2255. See, e.g., Mendoza, 690 F.3d at 159. However, in light of

relies is no longer valid; as the Supreme Court recently held, <u>Padilla v. Kentucky</u>, 130 S.

Ct. 1473 (2010), announced a "new rule," and "defendants whose convictions became

final prior to <u>Padilla</u> therefore cannot benefit from its holding." <u>Chaidez v. United States</u>,

133 S. Ct. 1103, 1113 (2013). Thus, regardless of whether he was fully apprised by

counsel of the immigration consequences of his plea, Skeffery has no colorable claim of

ineffective assistance of counsel.

Because no substantial question is presented by this appeal, we will summarily

affirm the judgment of the District Court. <u>See</u> <u>Murray v. Bledsoe</u>, 650 F.3d 246, 248 (3d

Cir. 2011) (per curiam); <u>see also</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

---

Skeffery's waiver and the invalidity of his claim, we do not reach the issue of the scope
of coram nobis.